FILED

2003 NOV 17 P 3: 47

US DISTRICT COURT
HARTFORD CT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID HOFFMAN | : | NO. 3:01CV-0788 (DJM) |
| V. | : | |
| THEODORE PARKER, et al. | : | NOVEMBER 17, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**

**I.    Background**

In June 1998, the plaintiff, David Hoffman, lived in a recreational vehicle park in Preston, Connecticut. His residence consisted of a Ford pickup attached to a new custom trailer. Defendants Paul M. Gately and Theodore R. Parker were state police detectives assigned to the Criminal Investigations Unit at the Troop E police barracks in Montville..

At some point after he moved to the trailer park, plaintiff encountered several children.. The children were curious about Hoffman's possessions and he showed them his pet tarantula and his computer.

Based upon statements from two children and an interview with the plaintiff, who was completely cooperative, Montville Trooper Mennino arrested Plaintiff on June 7, 1998, and charged him with risk of injury to a minor and obscenity. Trooper Mennino seized plaintiff's truck and trailer at the time of his

arrest and brought the vehicles to the Colchester state police barracks at Troop K.

Defendants Gately and Parker initiated their investigation of plaintiff on June 8, 1998, a day after his arrest. The detectives spoke with several more persons about plaintiff's alleged illegal activity in his home at the trailer park. On June 10, 1998, Gately and Parker signed a search and seizure warrant that indicated nude photographs, pornographic movies and a computer—and computer-related materials—inside plaintiff's truck and/or trailer were evidence of the crime of risk of injury to a minor and obscenity. The warrant included summaries of statements taken from the alleged victims, their parents and relatives and plaintiff. Judge Thomas P. Miano approved the warrant on the same day.

On June 11, 1998, state police searched Hoffman's trailer and seized all of his property, not only those items listed in the warrant that were allegedly used to consummate a crime, such as his personal computer.

David Hoffman, who had bonded out of jail on June 14 , had gone to the Montville barracks after learning that his truck and trailer had been moved from Colchester to Montville by defendants Gately and Parker. H was denied any access to the vehicle and trailer.

2

After reviewing the case, Kane, the State's Attorney, determined the truck and trailer were subject to civil forfeiture proceedings pursuant to Section 54-33g of Connecticut General Statutes. On June 22, 1998, Parker signed an *in rem* proceeding summons that listed plaintiff's residence as "LKA 42 Pierce Road, Preston, CT." Karen Spring, clerk of Superior Court, notarized the form. The summons was faxed to plaintiff's attorney, Carmine Giuliano, in Hartford. (Parker affidavit, Attachment K) Two days later, Giuliano filed a motion for return of the property.

Judge Sabino Tamborra ordered the truck and trailer returned to plaintiff following an *in rem* hearing on July 30, 1998.

At that point, the plaintiff had been deprived of his truck and trailer for approximately six (6) weeks.

On August 5, 1998, Gately and Parker filed for another search warrant to inspect plaintiff's personal computer.. Judge Thomas F. Parker approved the warrant. Two days later, Gately and Parker applied for a warrant for plaintiff's arrest on additional charges of risk of injury to a minor and obscenity. On August 11, 1998, when Hoffman arrived at Troop E to pick up his truck, he was met by Gately and arrested; his truck was not released to him and he was not given any opportunity to make arrangements for its release to a third party.

When the plaintiff bonded out on the new charges, he flew back West,

and he was arrested on unrelated charges in Idaho. He remained incarcerated in Idaho.

In July, 1999, Troop E released plaintiff's truck and trailer to Ed Napolitano, of Four Seasons Auto, of Rhode Island, an agent of the plaintiff.

## II.   Standard for Summary Judgment

When passing upon a motion for summary judgment, the district may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107

4

(2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"A party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law....The moving party is said to bear both the initial burden of production and the ultimate burden of persuasion on the motion....A nonmoving party, even though having the ultimate burden at trial, may indeed have no obligation to offer evidence supporting its own case unless

the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132-33 (1st Cir. 2000).

A party opposing summary judgment may do so by an affidavit clarifying that party's prior deposition testimony. Ramos v. Geddes, 137 F.R.D. 11 (S.D. Tex. 1991). Hearsay evidence, while not admissible in support of a motion for summary judgment, is sufficient to defeat a summary judgment motion so long as there is reason to believe that the evidence can be offered in an admissible form at trial. McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); Cerniglia v. LeVasseur, 19 Conn. L. Rptr. No. 4, 119 (1997).

### III. Argument

The Fourth Amendment issue is not the initial seizure of plaintiff's truck and trailer, but the retention of the truck and trailer for an unreasonable period of time.

Here, the defendants searched and completed their search by June 11, 1998. (with and without warrants). At that point, the vehicle and trailer should have been available to Hoffman when he bonded out on June 14. Instead, the defendants took it upon themselves to move the truck and trailer to a new

location, the Montville State Police barracks and retain the vehicle and trailer indefinitely. (See Parker affidavit, Attachment J).

Hoffman was not served with any civil forfeiture petition while he was incarcerated. On June 22nd, his attorney received a facsimile of the "in rem" petition. Attorney Giuliani did not receive the court's permission to recover the property until July 30, approximately six (6) weeks later.

If the truck and trailer were only retained for safekeeping, Hoffman should have been able to get them back as of June 14.

The cases which defendants rely upon, Carroll v. United States and California v. Carney, discuss the validity of the seizure of automobiles without a warrant. The issue here is the length of retention of the property.

An interesting analysis is contained in a recent Second Circuit decision, Krimstock v. Kelly, which may have developed out of Mayor Giuliani's interest in retaining vehicles after DWI (driving while intoxicated) arrests in New York City in the late 90's. 306 F. 3d (CA2, 2000) The Mayor attempted to initiate a new policy because of the increasing number of pedestrians who were killed by drunken drivers, or drivers with suspended licenses, who had a history of DWI arrests. In any case, Judge Sotomayer concluded that the retention of a vehicle under such circumstances was a Fourth Amendment violation because the owner had no predictable method to determine when he or she could recover

their property. Since the seizure often led to the filing of a civil forfeiture proceeding, similar to the facts in the plaintiff's case, the detention of the property could often be months or even years. In the plaintiff's case, he was not able to recover his truck and trailer for over a year.

The issue of unreasonable delay is also discussed in <u>Bigford v. Taylor</u>, a 1988 case from the Fifth Circuit. 834 F. 2d 1213 (5th Cir.,1988) The court found no liability on the part of the Sheriff's office or the County for retaining the plaintiff's truck, but did find that the deputy who undertook the initial seizure, without any authority, was responsible for damages to the plaintiff.

There was no reasonable basis for the defendants Gately and Parker to move the truck and trailer to Montville on June 11, 1998. It was already secured at Colchester barracks. There was no need to move it for "safekeeping".

In <u>U. S. v. Brookins</u>, a recent decision from the Eastern District of Virginia, the court found a Fourth Amendment violation when the police seized the defendant's vehicle as part of his arrest for possession of drugs, because his wife had driven the car elsewhere while the police pursued the defendant. 228 F. Supp. 2d 732 (E. D. Va 2002)

Since the vehicle was not under the control of the defendant, as was also the case for David Hoffman when he was released on bond on June 14, there was no reasonable basis for the police to seize and hold the vehicle in question.

The Supreme Court has emphasized that "the brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether [a] seizure [of personal property] is so minimally intrusive as to be justifiable on reasonable suspicion." U. S. v. Place, 462 U.S. 696, at 709 (1983). In Place, DEA agents seized a traveler's suitcase in an airport based upon facts giving rise to a reasonable suspicion that the suitcase contained narcotics. When the traveler refused to consent to a search of his luggage, the agents decided to hold the luggage while they awaited the arrival of a drug-sniffing dog. The agents allowed the traveler to leave. After the agents had held the luggage for ninety minutes, the dog arrived and "alerted" that the luggage contained narcotics, thereby supplying probable cause for a search. Id. at 699-700, 103 S.Ct. 2637. The Court found that the ninety-minute detention of the luggage prior to establishing probable cause was unreasonable; "[t]he length of the detention of respondent's luggage alone precludes the conclusion that the seizure was reasonable in the absence of probable cause." Id. at 709, 103 S.Ct. 2637. The Court analyzed the facts and compared them to a Terry stop exception. It found that in some circumstances, seizures of property may be less intrusive than seizures of persons, but concluded that this is not the case when the police detain luggage in an airport traveler's immediate possession. "Such a seizure can effectively restrain the person since he is subjected to the possible

disruption of his travel plans in order to remain with his luggage or to arrange for its return."Id. At 709. 103 S. Ct. 2637. Therefore, the Court found that the agents' seizure of the luggage should be subjected to the same standards of reasonableness that are applied to investigative detentions of the person. Noting that "we have never approved a seizure of the person for the prolonged 90 minute period involved here," the Court concluded that it "[could] not do so on the facts presented by this case." Id. at 709-10, 103 S.Ct. 2637.

Rather than adopt a per se time limitation for seizures based upon less than probable cause, however, the Supreme Court has consistently "emphasized the need to consider the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes."United States v. Sharpe, 470 U.S. 675, 685 (1985). "Much as a 'bright-line rule' would be desirable, in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria." Sharpe, 470 U.S. at 685, 105 S.Ct. 1568; see also Place, 462 U.S. at 709, 103 S.Ct. 2637See, e.g., Place, 462 U.S. at 709, 103 S.Ct. 2637 (holding ninety minutes excessive).

## FUSCO & GIULIANO
ATTORNEYS AT LAW
39 RUSS STREET 1
HARTFORD, CONNECTICUT 06106-1573

AUGUST J. FUSCO, II
CARMINE J. GIULIANO

TELEPHONE
(860) 547-0500

FACSIMILE
(860) 244-9947

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID HOFFMAN : NO. 3;01CV-0788 (DJM)

V. :

THEODORE PARKER, ET AL, : NOVEMBER 17, 2003

COUNTY OF HARTFORD)
) SS:
CITY OF HARTFORD )

### AFFIDAVIT OF CARMINE J. GIULIANO

CARMINE J. GIULIANO, having first been duly sworn, hereby deposes and states:

1. I am over the age of eighteen and I understand the obligations of an oath;
2. I am an attorney who represented David Hoffman in 1998 and 1999;
3. I apparently contacted the State's Attorney's office in New London on June 16, 1998, because Mr. Hoffman was unable to obtain access to his truck after he bonded out of jail on June 14, 1998. I say apparently because of my letter dated June 16, 1998, I specifically do recall meeting with State's Attorney Kevin Kane an June 24, 1998 to discuss the return of Mr. Hoffman's truck (See attached copy of my letter to ASA Kevin Kane.)
4. After some period of time, pursuant to my motions, the court ordered the return of his vehicle and trailer.

_____
Carmine J. Giuliano, Esq.

Subscribed and sworn to me this 17th day of November, 2003,

_____
Notary Public /comm expires: 6/30/08

June 16, 1998

Kevin Kane, State's Attorney
New London Court, Part A
70 Huntington Street
New London, CT

Re: State vs. David Hoffman

Dear Attorney Kane:

On today's date I spoke with Mr. Pinnone concerning the above captioned case. We agree to meet next Wednesday, June 24, 1998 at 9:00 a.m. at your office concerning the seizure of Mr. Hoffman's truck and/or RV.

If you have any questions, please do not hesitate to call.

Sincerely,

Carmine J. Giuliano, Esq.

CJG/eh