```
                                              FILED

                                              2003 NOV 17  P 3:47

                                              US DISTRICT COURT
        UNITED STATES DISTRICT COURT          HARTFORD CT
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID HOFFMAN | : | NO. 3:01CV-0788 (DFM) |
| V. | : | |
| THEODORE PARKER, et al. | : | NOVEMBER 17, 2003 |

### PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

**A.   Plaintiff's Response to Defendant's Statement of Material Facts Not in Dispute**

Plaintiff objects to the multiple statements of fact which are contained in each paragraph below in violation of Local Rule 56(a)(1)'s requirement for a "concise statement of each material fact".

Much of the recited information is irrelevant to the court's request for further briefing in its decision of October 20, 2003.

Defendants' general reference to affidavits without specific reference to paragraph numbers also violates the requirements of the rule.

1.   Admit.

2.   Admit.

3.   Deny. The statement contains multiple layers of hearsay. See, Affidavit of Mennino.

4.   Deny. Please see the general objection above, and objection regarding hearsay in Mennino's affidavit.

5. Deny for the reasons set forth above.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Deny for the reasons set forth in Paragraphs 3 and 4.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Deny. See Ex. C attached to Defendants' Affidavit of Jeffrey Mennino.

17. Deny. This is not a statement of fact but conclusory statements by counsel editorializing on material in affidavits supplied by witnesses and the defendants.

18. Admit the facts concerning Jessica's affidavit.

19. Admit the facts concerning Kim's affidavit.

20. Deny to the extent that Bridget's affidavit contained triple hearsay. See, Ex. G, Affidavit of Bridget contained in Local 9(c) Statement, re: Defendants' 2002 Motion for Summary Judgment.

21. Deny. The search warrant sought authority to search the contents of the plaintiff's truck and trailer only; the warrant did not authorize

seizure of the truck and trailer; the truck and trailer were referred to as the location of the search. See Ex. 1 of Plaintiff's Local 9(c) Statement dated 1/17/03.

22. Admit.

23. Deny as to "In accordance with the warrant". Admit as to other facts. See response to §21 above.

24. Admit.

25. Deny that the defendants seized the truck on June 11, or in the alternative, took the truck and trailer for safekeeping on June 7, because the vehicle and attached trailer were simply parked at the Colchester and Montville barracks in their parking lots, and were accessible to anyone who was in either parking lot from June 7 - August 11, 1998. Compare affidavits of Mennino, §12, Gately, §12, and Parker §12. See Ex. C, (Warrant) attached to Mennino's Affidavit.

26. Deny. This is not a Statement of Material Fact. See general objections above.

27. Admit.

28. Admit.

29. Admit.

30. Deny for the reasons set forth above. (§26)

31. Admit.

32. Admit.

33. Admit.

34. Admit.

    35.    Admit.

**B.**     **Plaintiff's Statement of Material Facts in Dispute**

    1.    The plaintiff's truck and trailer were seized and moved by the defendants from the Colchester barracks to the Montville barracks; the June 11, 1998 search warrant did not authorize seizure of these items. (Compare affidavits of Mennino, §12 , Gately, §12, and Parker §12. See Ex. C, (Warrant) attached to Mennino's Affidavit.)

    2.    The plaintiff's truck and trailer were not seized for safekeeping because they were moved from one state trooper barracks to another. They remained at the Montville barracks parking lot, unsecured, from June 11 through July 30, 1998, the date the Court ordered the return of this property to the plaintiff. (Compare affidavit of Mennino, **§12,** with  Gately affidavit , §12, 13, and Parker affidavit §12,13. See Ex. C, (Warrant) attached to Mennino's Affidavit.)

    3.    The plaintiff attempted to regain custody of his truck and trailer on June 14, 1998, but was denied access. See Affidavit of Carmine Giuliano, Esq. Attached.

THE PLAINTIFF

*[signature]*
KATRENA ENGSTROM (ct09444)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on the date set forth above, to the following parties and counsel of record:

Stephen R. Sarnowski, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

*[signature]*
KATRENA ENGSTROM