UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 25 P 2: 23

US DISTRICT COURT
HARTFORD CT

DAVID HOFFMAN, : NO. 3:01CV-0788 (DFM)
*plaintiff*, :
 :
V. :
 :
 :
THEODORE PARKER, *et al.*, :
*defendants.* : NOVEMBER 21, 2003

**DEFENDANTS' REPLY TO
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

Despite the plaintiff's exception to certain statements of fact contained in the defendants' Local Rule 56(a)(1) Statement of Material Facts, and notwithstanding the legal arguments made by the plaintiff in his memorandum of law in opposition to the Second Motion For Summary Judgment filed by the defendants, summary judgment should nonetheless be issued in favor of the defendants on the remaining Fourth Amendment claim.[1]

The plaintiff objects to the statement of facts contained in ¶¶ 3, 4, 5 and 10 of the defendants' statement of material facts on the basis of hearsay. However, it should be plain to anyone that the facts relied upon by Trooper Meninno in formulating probable cause to support the arrest of Mark Larsen (AKA David Hoffman), and to effect the seizure of his truck and trailer, are not offered simply for the truth of the matters asserted therein, but also as the basis upon which Trooper Meninno chose his course of action. It does not matter whether all of the

---

[1] The plaintiff has apparently abandoned his prior claim that the warrantless seizure of his truck and trailer violated his Fourth Amendment rights, and now claims only that his property was retained by the defendants for an unreasonably long period of time in violation of his rights under the Fourth Amendment. Counsel will endeavor to address this novel claim within the context of this reply notwithstanding the lack of notice that such a claim was the basis for this lawsuit.

information upon which Trooper Meninno acted was ultimately found to be accurate. Rather, probable cause is established on the basis of the information provided by the park manager, the children and their parents so long as Trooper Meninno possessed a good faith basis to believe in the veracity of the information in question.

Probable cause exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe an offense has been committed. *See, e.g., Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Probable cause is determined on the basis of the facts available to the officers at the time, without reference to whether the evidence ultimately proved to be reliable. *See, e.g., Bigford v. Taylor,* 834 F.2d 1213, 1218 (5th Cir. 1988) (citations omitted). Thus, the questioned facts can be considered by the court as the basis upon which Trooper Meninno formulated the necessary probable cause with which to seize the plaintiff's property and to effect his arrest without regard to whether they might otherwise be considered hearsay under Federal Rules of Evidence, Rule 801, if merely asserted for the truth of the matters asserted therein.

The situation is the same with regard to the facts set forth in ¶ 20 of the defendants' Rule 56(a)(1) statement. A police officer is permitted to rely on hearsay evidence in formulating probable cause to effect an arrest or to conduct a search. *See, e.g. ,Martinez v. Simonetti,* 202 F.3d 625, 634 (2nd Cir. 2000) (It is well-established that a law enforcement official has probable cause to arrest if he received information from some person, normally the putative victim or eyewitness); *United States v. Smith,* 9 F.3d 1007, 1013 (2nd Cir. 1993), *citing* Federal Rules of Criminal Procedure, Rule 41 ("The finding of probable cause may be based upon hearsay

2

evidence in whole or in part."). Thus, consideration of these facts over the objection of the plaintiff is also proper.

The plaintiff's denial of the facts contained within ¶ 25 of the defendants' Statement of Material Facts is perplexing. The plaintiff seems to conclude that the defendants seized his truck and trailer for safekeeping. Nowhere is this professed to be the case. To the contrary, the defendants contend that the truck and trailer were seized as evidence and instrumentalities of a crime when first taken into custody by Trooper Meninno on June 7, 1998. The *contents* of the truck and trailer, to the extent that they were not involved in the burgeoning criminal investigation, were held for safekeeping. Once seized as evidence, it is immaterial where the State Police chose to store the seized property. Thus, a decision to move the truck and trailer from the Colchester State Police barracks to the Montville State Police barracks is of no consequence to the question of whether the initial seizure or the retention of the property violated the plaintiff's Fourth Amendment rights. At any rate, it is clear from the defendants' affidavits that, once seized and documented on June 11, 1998, they no longer exercised custody or control over the seized property, and had no part in the decision concerning where it should be properly stored after that date. This fact is as much as admitted by the plaintiff via the affidavit of his attorney, Carmine Giuliano, wherein it states that, on June 16 and 24, 1998, the return of the plaintiff's property was sought from Kevin Kane, the State's Attorney for the New London Judicial District, not from the State Police defendants.

If, as the plaintiff states in his Memorandum of Law In Opposition To Defendant's Second Motion for Summary Judgment, the Fourth Amendment issue at stake is not the lawfulness of the seizure of the truck and trailer, as originally claimed but, rather, the

3

reasonableness of the detention of the truck and trailer, the State Police defendants are entitled to summary judgment in their favor. Connecticut General Statutes § 54-33g contains the accepted procedure by which an individual aggrieved by the unlawful seizure of his property may petition the Connecticut Superior Court for its return.[2] Thus, as argued above, once seized, the defendants had no authority to simply return the plaintiff's property. The plaintiff was required to petition the Superior Court for the return of his property. He cannot magically transform his failure to exercise the lawful procedures by which he could have requested the return of his property into a Fourth Amendment violation on the part of the State Police defendants who exercised no authority over the truck and trailer in question once it had been seized and documented.

The plaintiff's reliance upon *Krimstock v. Kelly*, 306 F.3d 40 (2nd Cir. 2002), is simply misplaced. *Krimstock* contested the seizure and retention of his automobile pending the resolution of his arrest for DUI on Fourteenth Amendment due process grounds. While the

---

[2]  § 54-33f, entitled "Motion for return of unlawfully seized property and suppression as evidence," prides as follows:

> (a) A person aggrieved by search and seizure may move the court which has jurisdiction of such person's case or, if such jurisdiction has not yet been invoked, then the court which issued the warrant, or the court in which such person's case is pending, for the return of the property and to suppress for use as evidence anything so obtained on the ground that: (1) The property was seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. In no case may the judge or judge trial referee who signed the warrant preside at the hearing on the motion.
>
> (b) The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.
>
> (c) The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.

4

plaintiff prevailed in that case, his argument was premised upon the adequacy of the procedures available to him through which to contest the lawfulness of the seizure and retention of his automobile. The deciding factor in *Krimstock* was not the reasonableness of the seizure, but the lack of a prompt post-deprivation hearing through which to contest the reasonableness of the seizure. It was the lack of such procedural due process guarantees that prompted the court to strike down the New York law in question. Moreover, the due process issues in *Krimstock* were raised in the context of a civil rights complaint against the Commissioner of the New York City Police Department, the Property Clerk for the New York City Police Department, and the City of New York -- not against the officers who effected the initial seizure of the plaintiff's automobile. This interesting fact lends further credence to the defendants' position that they are not the proper defendants in a civil rights case where the sole claim involves issues concerning the retention of the plaintiff's property.

Likewise, the plaintiff's reliance upon *Bigford v. Taylor,* 834 F.2d 1213 (5th Cir. 1988), is inapposite. In *Bigford,* the plaintiff complained that the defendants violated his Fourth Amendment rights by seizing his truck without probable cause. Here, the plaintiff has apparently abandoned the issue of the reasonableness of the seizure, choosing to concentrate instead on contesting the length of time the property was retained. This is simply not a issue which was addressed by the *Bigford* court.

Finally, the plaintiff's reliance upon *United States v. Brookins,* 228 F.Supp. 732 (E.D.Va 2002) is also misplaced. This case was overruled by the U.S. Court of Appeals for the Fourth Circuit at *United States v. Brookins,* 345 F.3d 231 (4th Cir. 2003). There, the appeals court reversed the district court's determination that probable cause became stale during the 15-minute

interval between the officer's arrest of the defendant and the subsequent seizure of the car from his mother-in-law's driveway.

The plaintiff herein urges this court to find that, as in *Brookins,* his car was not under his personal control at the time it was seized and that, therefore, there was no probable cause to support its seizure. He further urges that even if probable cause existed, the automobile exception did not apply because, once in the "safekeeping" of the State Police, his truck and trailer were no longer readily movable. He argues that the *Brookins* situation parallels the facts of this case and that, accordingly, a similar result is warranted. Putting aside the fact that the *Brookins* holding was reversed on appeal, David Hoffman's truck and trailer were clearly in his possession and under his control, and were readily mobile at the time of their seizure on June 7, 1998. In *Brookins,* the plaintiff's automobile was searched merely because it contained contraband. Here, the truck and trailer were seized not only for this reason, but for the fact that the truck and trailer were *themselves* evidence of the crimes for which Hoffman was charged. Thus, the facts of this case have no parallel to those of *Brookins*.

It should be reiterated that, despite the suggestion of the plaintiff to this end, Hoffman's truck and trailer were not detained for an investigative inquiry, nor were they detained merely for safekeeping. The truck and trailer were seized pursuant to the automobile exception to the search warrant requirement by Trooper Meninno on June 7, 1998, after Hoffman was stopped driving the truck and towing the trailer, after he agreed to accompany the trooper to the Colchester State Police barracks for questioning, and after he made incriminating admissions during the course of his questioning. Hoffman was arrested by Trooper Meninno that same day, following which the case was turned over to the defendants, Detectives Parker and Gately, for

6

further investigation. Detectives Parker and Gately obtained a search warrant for the contents of the truck and trailer three days later. After serving the warrant, they documented the truck, trailer and its contents as evidence, and turned control of the property over to the property officer at the Montville State Police barracks on June 11, 1998. Thereafter, they exercised no control over the property in question. As evidenced by the affidavit of the plaintiff's attorney, everyone involved in the case recognized that decisions concerning the retention of the truck and trailer were thereafter handled by the State's Attorney and by the courts, not by the State Police defendants. Absent the authority to release the property to the plaintiff without a court order, they cannot be held constitutionally liable for its retention.

## CONCLUSION

Accordingly, the State Police defendants are entitled to summary judgment on the remaining Fourth Amendment claim.

DEFENDANTS
Theodore Parker and Paul Gately

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105
Tel. (860) 808-5450
Federal Bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage pre-paid, on this the 24th day of November, 2003, to the following:

Norman Pattis, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

Stephen R. Sarnoski
Assistant Attorney General

8