```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


DAVID HOFFMAN,                  :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO. 3:01CV788(DFM)
                                :
THEODORE PARKER, ET AL.,        :
                                :
    Defendants.                 :
```

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, David Hoffman, brings this action under 42 U.S.C. § 1983 against Connecticut state police officers Theodore Parker ("Parker") and Paul Gately ("Gately").[1] The plaintiff alleged violations of the Fourth and Fourteenth Amendments in connection with the seizure of his camping trailer and pick up truck. Pending before the court is the defendants' motion for summary judgment.[2] (Doc. #34.) For the reasons that follow, the court grants the defendants' motion.

I.  Factual Background

The plaintiff was arrested on June 7, 1998 for the offenses of Risk of Injury to a Minor and Obscenity. (Affidavit of Jeffrey Meninno ("Meninno Aff.") at ¶ 11; Affidavit of Paul Gately ("Gately

---

[1] Originally, the complaint also named state's attorney Kevin Kane as a defendant. The court granted summary judgment in favor of Kane on October 26, 2003. See doc. #33.

[2] This case was transferred to the undersigned for all purposes including trial, with the consent of the parties, pursuant to 28 U.S.C. § 636(c). See doc. #17.

Aff.") at ¶ 3.)  At the time of the arrest, a police officer seized the plaintiff's truck and trailer.  (Gately Aff. at ¶ 3.)  The police officer stored the truck and trailer at the Colchester State Police barracks for safekeeping.  (Id.)

The next day defendants Parker and Gately, detectives from the Montville State Police barracks, began an investigation based on a complaint received at their barracks.  (Defendant's Local Rule 9(C)(1) Statement, ¶ 14 [admitted].)  They applied for a warrant to search the plaintiff's truck and trailer.  (Id. at ¶ 21 [admitted].)  On June 10, 1998, a superior court judge signed the search warrant.  (Id.)  On June 11, 1998, defendants Parker and Gately searched the truck and trailer and seized computer tapes, photographs and various other items of evidence listed in the warrant.  (Id. at ¶ 23 [admitted].)  After seizing the items, Detectives Parker and Gately gave them to the evidence custodian at the Montville State Police barracks pending the outcome of the criminal investigation.  (Id.)  At about this time, police moved the truck and trailer to the Montville barracks and stored them there.[3]

A few days later, on June 14, 1998, the plaintiff was released on bond.  (Id. at ¶ 26; Plaintiff's Memorandum In Opposition to Motion for Summary Judgment [doc. #42] at 6.)

---

[3] Although it is undisputed that it was not the defendants who moved the truck and trailer to Montville, it is unclear who moved them.

2

The defendants continued their investigation. They obtained another search warrant on August 5, 1998, this one for pornographic material stored on the computer which had been found in the plaintiff's trailer. (Defendant's Local Rule 9(C)(1) Statement, ¶ 27 [admitted].) They seized evidence. The truck and trailer remained in storage at the barracks. Neither defendant had any contact with the truck or trailer, nor did they have any responsibility for the storage of the truck or trailer. (Id. at ¶ 28 [admitted].) Based on the defendants' investigation, the plaintiff was charged with additional crimes on August 10, 1998. (Id. at ¶ 29 [admitted].) He fled to Idaho, where he was taken into custody and incarcerated on unrelated charges.

On July 13, 1999, an individual acting at the plaintiff's behest retrieved the truck and trailer from the evidence custodian at the Montville barracks. (Id. at ¶ 35 [admitted].) According to the plaintiff, the property had fallen into disrepair while in the state's custody and some of his possessions were missing.

II. Procedural History

On November 18, 2002, the defendants filed a motion for summary judgment (doc. #22). The court granted summary judgment in favor of the defendant Kane on all claims and in favor of all defendants on the procedural due process claim. (doc. #33) With regard to plaintiff's remaining claim against defendants Parker and Gately, alleging a violation of the Fourth Amendment, the court

3

denied the motion without prejudice to permit the parties an opportunity for further briefing. The defendants filed the instant motion for summary judgment, to which the plaintiff responded. The Fourth Amendment claim is now ripe for decision.

III. Standard

"Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . . In ruling on a motion for summary judgment, the district court must view the evidence in the light most favorable to the party opposing summary judgment and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73, 78 (2d Cir. 2002) (citations and internal quotation marks omitted.)

IV. Discussion

Plaintiff argues that "[t]he Fourth Amendment issue is . . . the retention of the truck and trailer for an unreasonable period of time."[4]  (Plaintiff's Memorandum In Opposition to Motion for

---

[4] Plaintiff originally argued that the seizure of his truck and trailer at the time of his arrest constituted a violation of the Fourth Amendment. He has abandoned that claim. (Plaintiff's

4

Summary Judgment at 6.) In support of that contention, plaintiff notes that the defendants had completed their initial searches of his truck and trailer by June 11, 1998. Therefore, he contends the truck and trailer should have been made available to him when he "bonded out" on June 14, 1998. (Id.) He argues that the subsequent delay in returning his property until July 13, 1999 violates the Fourth Amendment.

It is well settled in this circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Hernandez v. Keane, 341 F .3d 137, 144 (2d Cir. 2003) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). The undisputed facts show that the defendants Parker and Gately's only involvement with the truck and trailer was to execute a duly authorized search warrant. Other than that, neither had anything to do with, or any responsibility for, the plaintiff's truck or trailer. There are no allegations that these defendants were personally involved in the storage or retention of the truck and trailer. Summary judgment is granted on plaintiff's Fourth Amendment claim against defendants Parker and Gately.

V.  Conclusion

For these reasons, the defendants' motion for summary judgment (doc. #34) is GRANTED. Because no claims remain against any of the

---

Memorandum In Opposition to Motion for Summary Judgment at 6.)

defendants, the clerk is directed to close the file.

SO ORDERED at Hartford, Connecticut this 22nd day of September, 2004.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```